159 So. 272

## FEW v. STATE.
### 6 Div. 653.

Court of Appeals of Alabama.
Jan. 15, 1935.

Rehearing Denied Feb. 5, 1935.

Beddow, Ray & Jones, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was indicted on a charge of murder, and on his trial was convicted of murder in the second degree. The evidence for the state amply supports the judgment, and hence charges requesting an acquittal on account of insufficiency of proof were properly refused.

After the defendant had examined several witnesses as to the main facts in the case, he caused to be called two witnesses, who had been summoned by defendant, and, when these witnesses appeared, defendant's counsel announced that he did not care to examine them, whereupon the court, over the objection and exception of defendant permitted the solicitor to cross-examine both witnesses. This was irregular and should not have been allowed, but the testimony elicited by the examination was not injurious to defendant's cause. In fact, this testimony was more favorable to the defendant than to the state. The defendant was not injured by the ruling complained of.

When the wife of the deceased was being examined as a witness for defendant, she was asked if deceased, when he was first shot, told her that he was going to die. Objection by the state was sustained to this question. The inquiry was pursued no further. As asked, the question called for hearsay evidence. There is no evidence that deceased made any statement regarding the homicide after he was shot. Proof of a predicate was premature, until it is made to appear that a statement had been made.

The evidence of Joe Welch, who qualified as an undertaker and who examined the body of deceased after death, as to the position of the wounds on the body was relevant, and its admission free from error.

We find no error in the record, and the judgment is affirmed.

Affirmed.